**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DAVID M. EMANUEL, Individually and on Behalf of All Others Similarly Situated,<br><br>    Plaintiff,<br>  vs.<br>NFL ENTERPRISES, LLC,<br><br>    Defendant. | CASE NO. 11cv1781 WQH (WVG)<br><br>**ORDER** |

HAYES, Judge:

   The matter before the Court is the Motion to Intervene filed by Cellco Partnership d/b/a Verizon Wireless ("Verizon Wireless"). (ECF No. 14).

**I.   Background**

   On August 10, 2011, Plaintiff David M. Emanuel initiated this action by filing the Complaint on behalf of himself and all others similarly situated against Defendant NFL Enterprises LLC ("NFL"). (ECF No. 1). On October 25, 2011, Plaintiff filed a First Amended Complaint. (ECF No. 12). Plaintiff alleges that he "maintains cellular service through a common cellular telephone service provider." *Id.* at ¶ 18. Plaintiff alleges that on April 25, 2011, "NFL sent Plaintiff an unsolicited text message ... advertising additional promotional products offered by Defendant NFL." *Id.* at ¶19. Plaintiff alleges that he was sent a second unsolicited text message. *Id.* Plaintiff alleges that the unsolicited text messages were received on his cellular telephone and were sent by an automatic telephone

1  dialing system.  Plaintiff alleges that the "'from' field of the transmission was identified
2  cryptically as '5504,' a format which Plaintiff later learned was an abbreviated telephone
3  number known as an SMS short code." *Id*. at ¶ 20.  Plaintiff alleges: "That short code is
4  owned by Plaintiff's cellular telephone provider and Defendant [NFL]'s agent for use in
5  their SMS text messaging promotional campaigns." *Id*.  Plaintiff alleges that "[t]he
6  telephone number that the Defendant [NFL], or its agents, called was assigned to a cellular
7  telephone service for which Plaintiff incurs a charge for incoming calls ...." *Id.* at ¶ 25.
8  Plaintiff asserts a claim of negligent violations of the Telephone Consumer Protection Act
9  and a claim of knowing or willful violations of the Telephone Consumer Protection Act
10 pursuant to 47 U.S.C. § 227.

11 On November 14, 2011, Defendant NFL filed a Motion to Dismiss the Complaint
12 pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim, or, in the
13 alternative, to stay the case pending arbitration.  (ECF No. 13).

14 On November 18, 2011, Verizon Wireless filed a Motion to Intervene pursuant to
15 Federal Rule of Civil Procedure 24.  (ECF No. 14).  Verizon Wireless seeks to intervene as
16 a defendant in this case as a matter of right or pursuant to permissive intervention.  Verizon
17 Wireless contends that Plaintiff is a customer of Verizon Wireless.   Verizon Wireless
18 contends that Defendant NFL "is not a party to the Customer Service Agreement between
19 Plaintiff and Verizon Wireless."  (ECF No. 41-1 at 7).  Verizon Wireless contends that it
20 sent the text messages to Plaintiff.  Verizon Wireless contends that it "has a strong interest
21 in defending its conduct, which it believes was entirely lawful ...." *Id*.  Verizon Wireless
22 contends that Defendant NFL will not adequately represent Verizon Wireless's interests in
23 this matter.

24 On November 23, 2011, the parties filed a Joint Motion to Extend the Time to
25 Respond to the Motion to Dismiss.  (ECF No. 17).  The Court vacated the hearing date for
26 the Motion to Dismiss due to the pending Motion to Intervene.  (ECF No. 18).

27 On January 3, 2012, Defendant NFL filed a response in support of Verizon
28 Wireless's Motion to Intervene.  (ECF No. 22).

On January 3, 2012, Plaintiff filed a "Non-Opposition to [Verizon Wireless's] Motion to Intervene Subject to Plaintiff's Evidentiary Objections." (ECF No. 23). Plaintiff does not oppose Verizon Wireless's request to intervene as a Defendant in this case. However, Plaintiff states:

> Plaintiff objects to Verizon's filing of a redacted "Promotional Rights Agreement," purported to be 54 pages. Verizon only provides three, mostly redacted, pages of a promotional rights agreement that purports to exist between Verizon and the NFL. This documents (sic) goes to the heart of Verizon's argument in its Motion to Intervene, and their anticipated motions to Compel Arbitration and/or to Dismiss. It is fundamentally unfair to provide only three pages (mostly redacted) of a 54-page document which is relevant to all Verizon's and/or the NFL's arguments that Verizon has a right to intervene, that this case should be ordered into arbitration, or summarily dismissed.
>
> Plaintiff requests that the Court order Verizon and/or the NFL to produce a complete copy of this unredacted document (Ex. A to the Decl. of Barry), either prior to the hearing on Verizon's Motion to Intervene or prior to the filing of any future Motion to Compel Arbitration and/or Motion to Dismiss.

(ECF No. 23 at 2).

On January 9, 2012, Defendant NFL filed a Motion to Compel Arbitration and Stay Proceeding Pending Arbitration. (ECF No. 24).

On January 17, 2012, Verizon Wireless filed a Reply in support of the Motion to Intervene. (ECF No. 25). Verizon Wireless contends that Plaintiff's "'evidentiary objection' effectively amounts to a premature and procedurally improper motion to take discovery prior to the Rule 26(f) conference." *Id*. at 2.

**II.    Discussion**

Rule 24(a) of the Federal Rules of Civil Procedure provides:

> On timely motion, the court must permit anyone to intervene who: ... claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. § 24(a). To intervene as of right under Rule 24(a), the proposed intervenor must show that "(1) it has a significant protectable interest relating to the property or transaction that is the subject of the action; (2) the disposition of the action may, as a

1  practical matter, impair or impede the applicant's ability to protect its interest; (3) the
2  application is timely; and (4) the existing parties may not adequately represent the
3  applicant's interest." *United States v. City of Los Angeles,* 288 F. 3d 391, 397 (9th Cir.
4  2002). "The court interprets [Rule 24] broadly in favor of intervention." *Forest*
5  *Conservation Council v. United States Forest Serv.,* 66 F.3d 1489, 1493 (9th Cir. 1995)
6  (abrogated on other grounds by *Wilderness Soc. v. U.S. Forest Service,* 630 F.3d 1173,
7  1178 (9th Cir. 2011)).

8  "[A] motion to intervene is timely: (1) the stage of the proceedings; (2) whether the
9  parties would be prejudiced; and (3) the reason for any delay in moving to intervene."
10 *Northwest Forest Resource Council v. Glickman*, 82 F.3d 825, 836 (9th Cir. 1996). The
11 requirement that the proposed intervenor have a significant protectable interest relating to
12 the subject of the action is generally satisfied if (1) "the interest is protected by law;" and
13 (2) "there is a relationship between the legally protected interest and the plaintiff's claims."
14 *United States v. Alisal Water Corp.,* 370 F.3d 915, 919 (9th Cir. 2004). Courts weigh three
15 factors in determining the adequacy of representation: "(1) whether the interest of a present
16 party is such that it will undoubtedly make all of a proposed intervenor's arguments; (2)
17 whether the present party is capable and willing to make such arguments; and (3) whether a
18 proposed intervenor would offer any necessary elements to the proceeding that other parties
19 would neglect." *Arakaki v. Cayetano,* 324 F.3d 1078, 1087 (9th Cir. 2003).

20 The Court finds that Verizon Wireless has filed a timely Motion to Intervene on the
21 grounds that Verizon Wireless filed the Motion to Interne less than a month after the First
22 Amended Complaint was filed and the parties would not be prejudiced by intervention. *See*
23 *Glickman*, 82 F.3d at 836. The Court finds that Verizon Wireless has a significant
24 protectable interest relating to the subject of the action because Plaintiff maintains cellular
25 service through Verizon Wireless and Verizon Wireless states that it sent the text messages
26 which are the basis for the claims of negligent and knowing violations of the Telephone
27 Consumer Protection Act. *See Alisal Water Corp.,* 370 F.3d at 919. The Court finds that
28 the existing Defendant NFL may not adequately represent Verizon Wireless's interests

1  because Defendant NFL is not Plaintiff's the cellular service provider and may not make all
2  of the argument that Verizon Wireless could make. *Arakaki,* 324 F.3d at 1087. The Court
3  concludes that Verizon Wireless's intervention in this action as a defendant is appropriate.

**III.  Conclusion**

IT IS HEREBY ORDERED that the Motion to Intervene as a Defendant filed by Cellco Partnership d/b/a Verizon Wireless (ECF No. 14) is **GRANTED**. All discovery matters are referred to the Honorable Magistrate Judge William V. Gallo pursuant to Local Civil Rule 72.1(b).

Any opposition to the Motion to Dismiss filed by Defendant NFL Enterprises, LLC (ECF No. 13) shall be filed no later than fourteen days from the date of this Order. Any reply may be filed no later than twenty-one days from the date of this Order.

DATED: January 20, 2012

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge